UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTURO CANTU,

    Petitioner,

v.                                                  Case No. 1:07-CV-535
                                                    (Criminal Case No. 1:05-CR-52)

UNITED STATES OF AMERICA,

                                                    HON. GORDON J. QUIST

    Respondent.
                                         /

**OPINION**

The Court has before it Arturo Cantu's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Court ordered the government to respond to Petitioner's motion. After reviewing Petitioner's motion and the government's response, the Court will deny Petitioner's motion in part.

**Procedural History**

On April 22, 2005, Petitioner pleaded guilty in the Western District of Michigan, the Honorable David W. McKeague presiding, to conspiracy to possess with intent to distribute and/or distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a). The court initially calculated Petitioner's Sentencing Guideline range to be between 84 and 105 months. The court then determined that Petitioner was a career offender within the meaning of USSG § 4B1.1 based on his prior convictions for delivery and manufacture of marijuana and aggravated stalking. This increased Petitioner's guideline range to between 188 and 235 months imprisonment, and the Court sentenced Petitioner to 188 months. Petitioner appealed to the Court of Appeals for the Sixth Circuit. On June

26, 2006, the Court of Appeals affirmed the judgment of the court. On June 5, 2007, Petitioner timely filed this motion under 28 U.S.C. § 2255.

The essence of Petitioner's motion, including its subsequent amendments, is that: (1) the court violated his Sixth Amendment rights by enhancing his sentence in violation of *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738 (2005); (2) his sentence should be reduced pursuant to recent amendments to the Sentencing Guidelines; (3) Petitioner's counsel was ineffective because he provided erroneous information about the severity of his sentence in the event of a guilty plea; and (4) Petitioner's counsel was ineffective because he failed to object to the Court's classification of him as a career offender and failed to object to the Court's reliance on information contained in the presentence report in making that determination.

## *Booker* Claim

Petitioner's first argument in support of his motion is that a sentence of 188 months is unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738 (2005). This claim fails because Petitioner already made this argument on direct appeal before the Court of Appeals for the Sixth Circuit. A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in the law. *See DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996); *see also Wright v. United States,* 182 F.3d 458, 467(6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996). As a general rule, sentencing matters decided on direct appeal may not be relitigated under § 2255. *See DuPont*, 76 F.3d at 110-11. Because, no exceptional circumstances exist in the present case, Petitioner's *Booker* argument fails.

## Amendments to the Sentencing Guidelines

Petitioner's second argument is that he is no longer classified as a career offender due to recent amendments to the Sentencing Guidelines and thus, under 18 U.S.C. § 3582(c)(2), his current sentence should be modified. § 3582(c)(2) provides that where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission, the Court may reduce the term of imprisonment if such a reduction is consistent with applicable statements issued by the Sentencing Commission.

The November 1, 2007, amendment provides that prior convictions not separated by an intervening arrest are to be counted as separate convictions unless they were for offenses named in the same charging instrument or for offenses whose sentences were imposed on the same day. (*See* U.S.S.G. § 4A1.2(a)(2).) Petitioner argues that because he was sentenced for his prior convictions of aggravated stalking and delivery and manufacturing marijuana on the same day, they should be considered as one offense, thereby negating his career offender status. However, this amendment – Amendment 709 – was not made retroactive by the Sentencing Commission. 73 Fed. Reg. 217-01. Therefore, it provides no relief to Petitioner. *Clemons v. United States*, 102 F.App'x 933 (6th Cir. 2004).

### Ineffective Assistance of Counsel

Petitioner cannot establish ineffective assistance of counsel unless he can show two things. First, Petitioner must show deficient performance by counsel. This requires that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. Second, Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694,

104 S. Ct. 2052, 2068 (1984).

### *A. Plea Agreement*

Petitioner's first argument for ineffective assistance is that his counsel gave him erroneous advice about the possible sentence he would receive were he to plead guilty. Specifically, Petitioner claims that his counsel told him he would receive a sentence between 60-84 months imprisonment (as opposed to a sentence within the guideline range of 188-235 months based on his status as a career offender) upon pleading guilty.

When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland* still applies with a minor revision. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366 (1985); s*ee also Nagi v. United States*, 90 F.3d 130, 135-36 (6th Cir. 1996). The first prong of *Strickland* remains virtually the same. *See Hill,* 474 U.S. at 58. The second prong – or "prejudice" requirement – focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. Petitioner must show a reasonable probability that, but for counsel's errors, he would have *insisted on going to trial*. *Id*. (emphasis added); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000).

Petitioner was made aware of the possibility, before he pleaded guilty, of being sentenced to greater than 60-84 months imprisonment. The Plea Agreement states that the Court had the ability to impose a sentence between a mandatory minimum of five years and a mandatory maximum of 40 years imprisonment. (Plea Agreement, p. 2.) Petitioner was again made aware of the possible ramifications of pleading guilty when the Court asked the following:

> THE COURT: Do you understand that if I decide to reject your plea agreement, then you'll have an opportunity to withdraw your guilty plea and change it back to not guilty. *If I accept your plea agreement, however, then I impose a sentence that's more severe than you might have expected, or I deny any request that you might make to sentence you outside the*

*guideline range, you will still be bound by your guilty plea*, and you will not have the right to withdraw it?

      THE DEFENDANT: Yes.

(Change of Plea Transcript, p. 13, emphasis added.)

In *United States v. Hyde*, 520 U.S. 670, 117 S. Ct. 1630 (1997), a unanimous Supreme Court reiterated the importance of the plea proceeding under Fed. R. Crim. P. 11. Pleas are not to be lightly entered into nor are they lightly accepted by this court. *See id.* at 674-76, 117 S. Ct. at 1632-34. In this case, all of the requirements of Rule 11 were met. Petitioner entered an informed and voluntary plea in which he acknowledged, under oath, that he understood his rights and the consequences of his plea. The Court found that he understood all of this.

Petitioner has failed to show that he would have insisted on going to trial, as required by *Strickland*. This is particularly true since he entered his guilty plea after learning that he could serve a sentence of up to 40 years, that the Court was under no obligation to accept any recommendations regarding his sentence, and that no one – including his counsel – could make a binding promise on the sentence he would receive. In sum, Petitioner has not shown that he has been prejudiced by any alleged ineffective assistance of counsel.

### *B. Career Offender Status*

Petitioner's second argument for ineffective assistance of counsel is that his counsel failed to object to the court's classification of him as a career offender and failed to object to the court's reliance on information contained in the presentence investigation report in making that determination. For reasons that will be set forth in a separate order, the Court will withhold consideration of this claim and direct the government to brief further this specific issue.

### VI. Conclusion

Petitioner's § 2255 Motion will be denied in part.  The Court will deny Petitioner's motion with respect to his *Booker* claim, his claim based on amendments to the Sentencing Guidelines, and his ineffective assistance of counsel claim based on the plea agreement.  The Court makes no ruling at this time on Petitioner's ineffective assistance of counsel claim with respect to his classification as a career offender for sentencing purposes.

A separate Order will issue.


Dated:  May 19, 2008                                             /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                                                UNITED STATES DISTRICT JUDGE