UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTURO CANTU,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

                                /

Case No. 1:07-CV-535
(Criminal Case No. 1:05-CR-52)

HON. GORDON J. QUIST

## MEMORANDUM OPINION AND ORDER

The Court has before it Petitioner's Motion for Reconsideration of this Court's May 19, 2008, Order denying in part his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  In his motion, Petitioner raised as a basis for relief Amendment 709 of the Sentencing Guidelines, which affects when prior offenses are to be considered separate in determining the defendant's criminal history category and his or her status as a career offender within the meaning of U.S.S.G. § 4B1.1.  Petitioner was sentenced as a career offender based on prior convictions for delivering and manufacturing marijuana and aggravated stalking.  Petitioner was arrested for both offenses on the same day and he was sentenced for both offenses on the same day, though he was charged separately and the offenses were never formally consolidated by the court.

Prior to Amendment 709, U.S.S.G. § 4A1.2(a)(2) stated that "[p]rior sentences imposed in unrelated cases are to be counted separately." U.S.S.G. § 4A1.2(a)(2) (2006).  Application Note 3 explained:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest. . . . Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

(*Id.*)  Since Petitioner's offenses were not separated by an intervening arrest, his offenses would have been related had they met one of the aforementioned criteria.  Because the aggravated stalking and marijuana offenses did not occur on the same occasion and were not part of a single common scheme or plan, Petitioner's offenses were related only if they were consolidated for trial or sentencing.  Although Petitioner was sentenced for both offenses on the same day, they were not considered consolidated because "there was no order from the trial court consolidating the earlier offenses, nor was there any statement by the trial court implying that they should be considered consolidated."  *United States v. Horn*, 355 F.3d 610, 614 (6th Cir. 2004).

However, Amendment 709 changed the relevant analysis.  U.S.S.G. § 4A1.2(a)(2) now reads:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest. . . . If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

U.S.S.G. § 4A1.2(a)(2) (2007).  Had Petitioner been sentenced after Amendment 709 went into effect, his prior convictions would have been considered related because he was sentenced for them on the same day.  Therefore, Petitioner would not have been sentenced as a career offender.  In his § 2255 motion, Petitioner argued that in light of Amendment 709, he was entitled to be resentenced pursuant to 18 U.S.C. § 3582(c)(2).  Although a motion brought under § 3582 is different than a § 2255 motion, the Court ruled that Petitioner would not be entitled to relief under § 3582 because Amendment 709 was not given retroactive effect by the Commission in U.S.S.G. § 1B1.10, a prerequisite for relief under § 3582.

In his motion for reconsideration, Petitioner argues that although relief is not available to him under § 3582, he is still entitled to relief in his § 2255 motion because Amendment 709 was a clarifying amendment capable of being applied retroactively in his § 2255 motion. The Sixth Circuit has held that in some instances, relief may be available under § 2255 based on subsequent amendments clarifying the Sentencing Guidelines. *See Jones v. United States*, 161 F.3d 397, 402 (6th Cir. 1998), *opinion amended and superseded in part by, Jones v. United States*, 178 F.3d 790 (6th Cir. 1999); *Clemons v. United States*, 102 F.App'x 933, *2 (6th Cir. 2004). However, relief is available only if Amendment 709 is a clarifying amendment and not a substantive change in the law. "An amendment is clarifying if it 'changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant.'" *United States v. Geerken*, 506 F.3d 461, 465 (6th Cir. 2007) (quoting *United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir. 1995)). In determining whether an amendment is a clarification or a substantive change, courts should consider: "'(1) how the Sentencing Commission characterized the amendment; (2) whether the amendment changes the language of the guideline itself or changes only the commentary for the guideline; and (3) whether the amendment resolves an ambiguity in the original wording of the guideline." *Id.* (quoting *United States v. Monus*, 356 F.3d 714, 718 (6th Cir. 2004)).

Under the above analysis, Amendment 709 is not a clarifying amendment. First, the Commission did not list Amendment 709 among those given retroactive effect. Second, the Amendment changed the language of the guideline itself, not just the commentary for the guideline. Third, the amendment does not resolve an ambiguity in the original wording of the guideline. Originally, whether prior offenses were counted separately depended on whether they were "related." Application Note 3 provided the relevant analysis to determine whether offenses were related. The Commission said that Amendment 709 was enacted because "some have

3

misunderstood the term 'related cases'" and because circuit conflicts had developed over application of the rule. U.S.S.G. Supp. to App. C, Amendment 709, Reason for Amendment (Nov. 1, 2007) (comparing *United States v. Correa*, 114 F.3d 314, 317 (1st Cir. 1997) (requiring formal order of consolidation) with *United States v. Huskey*, 137 F.3d 283, 288 (5th Cir. 1998) (no formal order of consolidation required)). However, the Commission did not choose to resolve or clarify the ambiguity or circuit conflicts; rather, the Commission chose to enact an entirely new methodology for treating prior convictions. The Commission abandoned the concept of relatedness and adopted a more straightforward analysis that considers only whether the offenses were contained in the same charging instrument or whether the sentences were imposed on the same day (assuming, of course, the offenses were not separated by an intervening arrest, at which point further inquiry becomes unnecessary). Thus, "in lieu of clarification in favor of one view or the other, [the Commission] adopted a new blanket rule that eliminated the ambiguity by going beyond any circuit's reading of the previous rule in a manner favorable to the defendant." *United States v. Godin*, 522 F.3d 133, 135 (1st Cir. 2008). Without exception, every circuit court to consider the issue has held that Amendment 709 is a substantive change in the law and not a clarifying amendment to be applied retroactively. *Id.*; *United States v. Wood*, --- F.3d ---, 2008 WL 1902663, *4 (3rd Cir. May 1, 2008); *United States v. Marler*, --- F.3d ---, 2008 WL 2220409, *2, n.1 (9th Cir. May 29, 2008). The Court agrees that Amendment 709 is not a clarifying amendment capable of affording Petitioner relief in his § 2255 motion. Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (docket no. 16) is **DENIED**.

Dated: June 11, 2008                                    /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE

4