UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTURO CANTU,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:07-CV-535
(Criminal Case No. 1:05:CR:52)

HON. GORDON J. QUIST

**OPINION**

The Court has before it Arturo Cantu's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In a prior Opinion and Order, the Court denied Petitioner's motion with respect to all his claims save one: whether his attorney was constitutionally ineffective for failing to object to the sentencing court's determination that his prior conviction for aggravated stalking was a "crime of violence," thereby causing the sentencing court to classify him as a career offender and increase his sentence. The Court ordered an additional response from the government on this issue. For the following reasons, the Court will deny the remainder of Petitioner's motion.

**Procedural History**

On April 22, 2005, Petitioner pled guilty in the Western District of Michigan, the Honorable David W. McKeague presiding, to conspiracy to possess with intent to distribute and/or distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a). The Court initially calculated Petitioner's Sentencing Guideline range to be between 84 and 105 months. The Court then determined that

Petitioner was a career offender within the meaning of USSG § 4B1.1 based on his prior convictions for delivery and manufacture of marijuana and aggravated stalking. Although Petitioner's counsel initially objected to the classification of the aggravated stalking conviction as a "crime of violence," he withdrew this objection prior to sentencing. Because the Court determined that Petitioner was a career offender, Petitioner's guideline range increased to between 188 and 235 months imprisonment, and the Court sentenced Petitioner to 188 months. Petitioner appealed to the Court of Appeals for the Sixth Circuit. On June 26, 2006, the Court of Appeals affirmed the judgment of the Court. On June 5, 2007, Petitioner timely filed this motion under 28 U.S.C. § 2255.

**Analysis**

Petitioner argues that his prior conviction for aggravated stalking was not a "crime of violence" and thus, should not have triggered the career offender provision of the Sentencing Guidelines. Specifically, Petitioner maintains that his attorney was constitutionally ineffective for failing to object to the sentencing court's determination and that he suffered prejudice as a result. To establish ineffective assistance of counsel, Petitioner must first show that his counsel's performance was deficient. *Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002). This "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, Petitioner must show that he suffered prejudice as a result of counsel's deficient performance. *Id.* To establish prejudice, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984). Since it is relevant to both the deficiency and prejudice prongs, the Court must first determine whether Petitioner's prior conviction for aggravated stalking was a "crime of violence" and, therefore, whether Petitioner was appropriately characterized as a career offender.

USSG § 4B1.1 increases a defendant's base offense level and his or her criminal history category if the defendant is a career offender. Pursuant to USSG § 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). A "crime of violence" is any offense under federal or state law punishable by imprisonment for a term exceeding one year that–

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).

In determining whether an offense qualifies as a crime of violence under either of these two tests, courts employ a "categorical approach." *United States v. Martin*, 378 F.3d 578, 581 (6th Cir. 2004); *United States v. Champion*, 248 F.3d 502, 505 (6th Cir. 2001) (applying categorical approach in determining whether an offense "has as an element the use, attempted use, or threatened use of physical force"). "Under the categorical approach, 'it is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct.'" *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006) (quoting *United States v. Butler*, 207 F.3d 839, 843 (6th Cir. 2000)). Rather, courts are "limited to an examination of the fact of conviction and the statutory definition of the predicate offense." *United States v. Campbell*, 256 F.3d 381, 396 (6th Cir. 2001) (quotation omitted). However, "[i]f the relevant statute of conviction does not supply a clear answer to these inquiries, . . . the sentencing court may consult the indictment and either the jury instructions or plea agreement for the specific conduct with which the defendant was charged in

3

order appropriately to characterize the offense." *Martin*, 378 F.3d at 581.  In cases involving a guilty plea, the Sixth Circuit has summarized the analysis as follows:

> [T]o determine whether a prior conviction pursuant to a guilty plea constitutes a crime of violence, the sentencing court must, *first*, decide whether the statutory definition, by itself, supports a conclusion that the defendant was convicted of a crime of violence.  If the statutory definition embraces both violent and non-violent crimes or is otherwise ambiguous, the court, *second*, may look to the "charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" to determine whether the violent or non-violent aspect of the statute was violated.

*United States v. Armstead*, 467 F.3d 943, 947-48 (6th Cir. 2006) (quoting *Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 1263 (2005)).

The Judgment with respect to the conviction at issue shows Petitioner pled guilty to aggravated stalking in violation of M.C.L. §750.411i.  This statute defines stalking as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested."  M.C.L. §750.411i(1)(e).  A person who engages in stalking is guilty of aggravated stalking if one of the following circumstances is present:

> (a) At least 1 of the actions constituting the offense is in violation of a restraining order and the individual has received actual notice of that restraining order or at least 1 of the actions is in violation of an injunction or preliminary injunction.
>
> (b) At least 1 of the actions constituting the offense is in violation of a condition of probation, a condition of parole, a condition of pretrial release, or a condition of release on bond pending appeal.
>
> (c) The course of conduct includes the making of 1 or more credible threats against the victim, a member of the victim's family, or another individual living in the same household as the victim.
>
> (d) The individual has been previously convicted of a violation of this section or [stalking].

M.C.L. § 750.411i(2)(a)-(d).  Credible threat is defined as "a threat to kill another individual or a threat to inflict physical injury upon another individual that is made in any manner or in any context that causes the individual hearing or receiving the threat to reasonably fear for his or her safety or the safety of another individual." M.C.L. § 750.411i(1)(b).

To determine whether Petitioner's prior conviction for aggravated stalking qualifies as a "crime of violence," the Court must first determine whether the offense has as an element the use, attempted use, or threatened use of physical force against the person of another.  Under this standard, the use, attempted use, or threatened use of physical force must be an essential element of the offense, not merely one conceivable means of committing the offense. *Untied States v. Arnold*, 58 F.3d 1117, 1122 (6th Cir. 1995). Since the statute list four alternate ways to commit aggravated stalking, it is necessary to examine each possible method independently.  Subsections (a), (b), and (d) do not require the use, attempted use, or threatened use of physical force against another as an essential element of committing the offense.  However, subsection (c) requires the defendant to make at least one credible threat against the victim.  Since credible threat is defined as a "threat to kill another individual or a threat to inflict physical injury," M.C.L. § 750.411i(1)(b), a person who commits aggravated stalking by violating this subsection has committed an offense that has as an element the threatened use of physical force against another.  Thus, a person who is guilty of aggravated stalking by violating § 750.411i(2)(c) has committed a crime of violence.

Because a violation of § 750.411i(2)(c) is a crime of violence while violations of § 750.411i(2)(a)(b) and (d) are not crimes of violence (at least under USSG § 4B1.2(a)(1)),[1] the

---

[1] The Court makes no determination of whether violations of § 750.411i(2)(a)(b) and (d) are crimes of violence under the "otherwise involves conduct that presents a serious potential risk of physical injury to another" test contained in USSG § 4B1.2(a)(2).

5

statutory definition embraces both violent and non-violent crimes. Under the categorical approach, the Court may then consult the charging document, the terms of the plea agreement, or transcript of the plea colloquy to determine whether Petitioner pled guilty to violating § 750.411i(2)(c) or whether he pled guilty to § 750.411i(2)(a), (b), or (c). The Felony Information for Petitioner's prior conviction states that Petitioner's "course of conduct included the making of one or more credible threats against [the victim]." Additionally, the transcript of Petitioner's plea colloquy confirms that Petitioner committed aggravated stalking by making one or more credible threats. Therefore, the Court can determine from these judicial records that Petitioner violated § 750.411i(2)(c), which is a crime of violence because it requires as an element of the offense the threatened use of physical force against another.

Because Petitioner's prior conviction for aggravated stalking was a crime of violence, Petitioner's counsel was not deficient for failing to raise this objection to the sentencing court. Moreover, Petitioner did not suffer prejudice because had his counsel objected, the sentencing court would still have classified him as a career offender in light of the above analysis.

## Conclusion

Petitioner's § 2255 motion will be denied with respect to the claim that his counsel was constitutionally ineffective for failing to object to the sentencing court's determination of his prior conviction for aggravated stalking as a crime of violence. Because this is Petitioner's sole remaining claim, the Court will dismiss Petitioner's § 2255 motion.

A separate Order will issue.


Dated: July 23, 2008                                   /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE