UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTURO CANTU,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 1:07-CV-535
(Criminal Case No. 1:05-CR-52)

HON. GORDON J. QUIST

### ORDER DENYING CERTIFICATE OF APPEALABILITY

The Court has before it Petitioner's Application for Certificate of Appealability. On June 5, 2007, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioner is serving a sentence of 188 months, imposed by the Honorable David W. McKeague on July 25, 2005, following Petitioner's plea of guilty on April 22, 2005, to conspiracy to possess with intent to distribute and/or distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a). In his motion, Petitioner raised the following arguments: (1) the court violated his Sixth Amendment rights by enhancing his sentence in violation of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005); (2) his sentence should be reduced pursuant to recent amendments to the Sentencing Guidelines; (3) Petitioner's counsel was ineffective because he provided erroneous information about the severity of his sentence in the event of a guilty plea; and (4) Petitioner's counsel was ineffective because he failed to object to the Court's classification of him as a career offender and failed to object to the Court's reliance on information contained in the presentence report in making that determination.

The Court rejected Petitioner's first, second, and third claims in an Opinion and Order entered on May 19, 2008. On July 23, 2008, the Court issued a second Opinion and Order denying Petitioner's fourth claim.

Under amendments enacted effective April 24, 1996, a convicted federal defendant may not appeal in a section 2255 case unless a circuit justice or judge issues a certificate of appealability (formerly known as a certificate of probable cause). 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure provides that district judges are also authorized to issue certificates of appealability. Fed. R. App. P. 22(b). *See Frazier v. Huffman* 343 F.3d 780, 788-89 (6th Cir. 2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit has disapproved blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims, for the reasons set forth in both the May 19, 2008, and July 23, 2008, Opinions, was debatable or wrong. Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Application for Certificate of Appealability (docket no. 24) is **DENIED**.


Dated: November 21, 2008             /s/ Gordon J. Quist
                                    GORDON J. QUIST
                            UNITED STATES DISTRICT JUDGE

2